IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| June Gosar, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 6992 |
| Sentry Credit, Inc., a Washington corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, June Gosar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.    Plaintiff, June Gosar ("Gosar"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt to Household Finance, despite the fact that, she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois, that Sentry cease collections, as was her right under the FDCPA.

4. Defendant, Sentry Credit, Inc. ("Sentry"), is a Washington corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant Sentry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Sentry is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Sentry conducts business in Illinois.

6. Moreover, Defendant Sentry is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Sentry acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Gosar is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to Household Finance. When Defendant Sentry began trying to collect this debt from Ms. Gosar, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Sentry's collection actions.

8. Accordingly, on August 23, 2010, Ms. Gosar's attorney at LASPD informed Defendant Sentry, in writing, that Ms. Gosar was represented by counsel, and directed Sentry to cease contacting her, and to cease all further collection attempts because Ms.

Gosar was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, despite being advised to cease collections Defendant Sentry sent a collection letter, dated August 26, 2010, to demand payment of the Household Finance debt. A copy of this collection letter is attached as Exhibit D.

10. Accordingly, on October 8, 2010, Ms. Gosar's attorneys had to send Defendant Sentry another letter, directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Sentry's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Gosar's agents/attorneys told Defendant Sentry to cease communications and to cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Sentry violated § 1692c(c) of the FDCPA.

15. Defendant Sentry's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, June Gosar, prays that this Court:

1. Find that Defendant Sentry's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Gosar, and against Defendant Sentry, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, June Gosar, demands trial by jury.

                                       June Gosar,

                                       By: <u>/s/ David J. Philipps</u>
                                       One of Plaintiff's Attorneys

Dated: October 29, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com